**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
            chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Flora Amanda Perez Arias**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería**; **Hector Ortiz** and **Veronica Ortiz**, a married couple; and **John Doe Corporation d/b/a La Estrella Panadería**, | |
| Defendants. | |

Plaintiff, Flora Amanda Perez Arias ("Plaintiff"), sues the Defendants, Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería, Hector Ortiz and Veronica Ortiz (a married couple), and John Doe Corporation d/b/a La Estrella Panadería (collectively, "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et

seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.     The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

### JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7.      At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.      At all material times, Defendant Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería was a company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.      Defendant Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería is an Arizona company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10.      Under the FLSA, Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería is subject to liability under the FLSA.

11.     Defendant Hector Ortiz and Veronica Ortiz are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Hector Ortiz and Veronica Ortiz are owners of La Estrella Panadería and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12.     Under the FLSA, Defendants Hector Ortiz and Veronica Ortiz are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Hector Ortiz and Veronica Ortiz are owners of La Estrella Panadería.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Hector Ortiz and Veronica Ortiz are subject to individual liability under the FLSA.

13.     At all material times, Defendant John Doe Corporation d/b/a La Estrella Panadería is the fictional name for the entity doing business as La Estrella Panadería and at all material times was a company duly licensed to transact business in the State of Arizona.  At all material times, Defendant John Doe Corporation d/b/a La Estrella Panadería does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-4-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

14.     Defendant John Doe Corporation d/b/a La Estrella Panadería is an Arizona company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15.     Under the FLSA, John Doe Corporation d/b/a La Estrella Panadería is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, John Doe Corporation d/b/a La Estrella Panadería had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, John Doe Corporation d/b/a La Estrella Panadería is subject to liability under the FLSA.

16.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

17.     Defendants, and each of them, are sued in both their individual and corporate capacities.

18.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

19.     At all relevant times, Plaintiff was an "employee" of Defendants Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería, Hector Ortiz and Veronica Ortiz,

and John Doe Corporation d/b/a La Estrella Panadería as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

20.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería, Hector Ortiz and Veronica Ortiz, and John Doe Corporation d/b/a La Estrella Panadería.

21.     At all relevant times, Defendants Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería, Hector Ortiz and Veronica Ortiz, and John Doe Corporation d/b/a La Estrella Panadería were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

22.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería, Hector Ortiz and Veronica Ortiz, and John Doe Corporation d/b/a La Estrella Panadería.

23.     At all relevant times, Plaintiff was an "employee" of Defendants Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería, Hector Ortiz and Veronica Ortiz, and John Doe Corporation d/b/a La Estrella Panadería as defined by the Arizona A.R.S. § 23-350, et seq.

24.     At all relevant times, Defendants Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería, Hector Ortiz and Veronica Ortiz, and John Doe Corporation d/b/a La Estrella Panadería were and continue to be "employers" as defined by A.R.S. § 23-350.

25.     At all relevant times, Plaintiff was an "employee" of Defendants Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería, Hector Ortiz and Veronica Ortiz, and John Doe Corporation d/b/a La Estrella Panadería as defined by A.R.S. § 23-362.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

26.     At all relevant times, Defendants Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería, Hector Ortiz and Veronica Ortiz, and John Doe Corporation d/b/a La Estrella Panadería were and continue to be "employers" as defined by A.R.S. § 23-362.

27.     Defendants Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panadería, Hector Ortiz and Veronica Ortiz, and John Doe Corporation d/b/a La Estrella Panadería individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

28.     Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

29.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

30.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

31.     Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

### **NATURE OF THE CLAIM**

32.     Defendants own and/or operate as La Estrella Panadería, an enterprise located in Maricopa County, Arizona.

33.     Plaintiff was hired by Defendants as a cashier help and worked for Defendants between approximately 2006 and December 2020.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

34.     Defendants, in their sole discretion, agreed to pay Plaintiff the applicable minimum wage for all hours she worked, and regardless of how many hours she worked in a given workweek–even if the hours she worked exceeded 40 in a given workweek.

35.     At all relevant times, in her work for Defendants, Plaintiff's primary job duties included, but were not limited to, customer service, cashiering, and cleaning.

36.     At all relevant times during her employment with Defendants, Plaintiff generally worked approximately 40 hours per week, though she sometimes worked in excess of 40 hours in a given workweek.

37.     Moreover, in May 2020, Plaintiff worked approximately 56 hours per week.

38.     At all relevant times, in any given workweek during which Plaintiff worked for Defendants, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 in a given workweek.

39.     As a result of Defendants' willful failure to compensate Plaintiff any overtime premium for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

40.     In addition, despite having worked approximately 40 hours per week for Defendants, Defendants paid Plaintiff no wages whatsoever for the entire duration of the final two workweeks of her employment.

41.     Specifically, in the final two workweeks of her employment, Plaintiff worked approximately 40 hours for Defendants, and Defendants did not pay her any wage whatsoever for such time worked.

42.     As a result of not having paid any wage whatsoever to Plaintiff for such hours worked, Defendants failed to pay the applicable minimum wage to Plaintiff.

43.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

44.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the AMWA, A.R.S. § 23-363.

45.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the AMA, A.R.S., § 23-351.

46.     Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

47.     Defendant have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

48.     Defendant have and continue to violate the AWA by not paying Plaintiff any wage whatsoever for all hours worked during her regular workweeks.

49.     Plaintiff is a covered employee within the meaning of the FLSA.

50.     Plaintiff is a covered employee within the meaning of the AMWA.

51.     Plaintiff is a covered employee within the meaning of the AWA.

52.     Plaintiff was a non-exempt employee.

53.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

-9-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

54.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

55.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

56.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

57.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, and interest under A.R.S § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

58.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two workweeks of her employment.

60.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

61.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Flora Amanda Perez Arias, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendant committed one of more of the following acts:

    i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two workweeks of her employment.

64.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

65.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Flora Amanda Perez Arias, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

　　i.     Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

　　ii.     Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages, including liquidated

damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the

action pursuant to A.R.S. § 23-364 and all other causes of action set forth

herein;

F.      Such other relief as this Court shall deem just and proper.

## COUNT THREE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

66.      Plaintiff realleges and incorporates by reference all allegations in all

preceding paragraphs.

67.      Defendants willfully failed to compensate Plaintiff any overtime wage for the

time he worked in excess of 40 hours in a given workweek for his entire employment with

Defendants.

68.      Defendants' practice of willfully failing or refusing to pay Plaintiff an overtime

wage for the time he worked in excess of 40 hours in a given workweek for his entire

employment with Defendants violates the FLSA, 29 U.S.C. § 207(a).

69.      Plaintiff is therefore entitled to compensation for the full applicable

overtime wage at an hourly rate, to be proven at trial, plus an additional equal amount as

liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Flora Amanda Perez Arias, individually, respectfully

requests that this Court grant the following relief in Plaintiff's favor, and against

Defendants:

-13-

A.    For the Court to declare and find that the Defendant committed one of more of the following acts:

    i.    Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

    ii.    Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B.    For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 22nd Day of March, 2021.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiff*

-14-