**Spire Law, LLC**
Whitney M. DuPree, Esq. (AZ Bar No. 035061)
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765
Telephone: (407) 494-0135
Email: whitney@spirelawfirm.com
ashwin@spirelawfirm.com
lauren@spirelawfirm.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Flora Amanda Perez Arias** | No. 2:21-cv-00493-SPL |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| **Hector Ortiz and Veronica Ortiz d/b/a La Estrella Panaderia; Hector Ortiz** and **Veronica Ortiz,** a married couple; and **John Doe Corporation d/b/a La Estrella Panaderia**, | |
| Defendants. | |

Defendants, HECTOR ORTIZ and VERONICA ORTIZ (the "Individual Defendants"), and ORTIZ, LLC d/b/a LA ESTRELLA PANADERIA[1] ("Ortiz, LLC") (collectively, "Defendants"), by and through their undersigned counsel hereby answer Plaintiff's Complaint in correspondingly numbered paragraphs, and assert defenses and affirmative defenses, and Counterclaims as follows:

---

[1] Ortiz, LLC d/b/a La Estrella Panaderia is misidentified in the Complaint as "John Doe Corporation d/b/a La Estrella Panaderia."

**PRELIMINARY STATEMENT**

1. Defendants admit that Plaintiff purports to bring claims under the Fair Labor Standards Act ("FLSA"), Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."), and the Arizona Wage Act "AWA"), but deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants state that the FLSA speaks for itself.

3. Defendants state that the AMWA, A.R.S. speaks for itself.

4. Defendants state that the AWA speaks for itself.

**JURISDICTION AND VENUE**

5. Admitted for jurisdictional purposes only.  Otherwise, denied.

6. Admitted that venue is proper.  Otherwise, denied.

**PARTIES**

7. Ortiz, LLC is without knowledge and therefore denies the allegations in Paragraph 7 of the Complaint.

8. Admitted as to Ortiz, LLC.  Denied as to the Individual Defendants.

9. Admitted as to Ortiz, LLC.  Denied as to the Individual Defendants.

10. Admitted as to Ortiz, LLC.  Denied as to the Individual Defendants.

11. Admitted only that the Individual Defendants are owners of Ortiz, LLC. Otherwise, denied.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Admitted that Ortiz, LLC does business as La Estrella Panaderia, is licensed to do business in Arizona, and does business and has offices in Maricopa

County, Arizona.  Otherwise, denied.

14. Admitted as to Ortiz, LLC.  Otherwise, denied.

15. Admitted as to Ortiz, LLC.  Otherwise, denied.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants state that the Complaint speaks for itself.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Admitted as to Ortiz, LLC.  Otherwise, denied.

20. Admitted as to Ortiz, LLC.  Otherwise, denied.

21. Admitted as to Ortiz, LLC.  Otherwise, denied.

22. Admitted as to Ortiz, LLC.  Otherwise, denied.

23. Admitted as to Ortiz, LLC.  Otherwise, denied.

24. Admitted as to Ortiz, LLC.  Otherwise, denied.

25. Admitted as to Ortiz, LLC.  Otherwise, denied.

26. Admitted as to Ortiz, LLC.  Otherwise, denied.

27. Admitted as to Ortiz, LLC.  Otherwise, denied.

28. Admitted as to Ortiz, LLC.  Otherwise, denied.

29. Admitted as to Ortiz, LLC.  Otherwise, denied.

30. Admitted as to Ortiz, LLC.  Otherwise, denied.

31. Admitted as to Ortiz, LLC.  Otherwise, denied.

## **NATURE OF THE CLAIM**

32. Defendants admit the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

| | | |
|---|---|---|
| 1 | 34. | Defendants deny the allegations in Paragraph 34 of the Complaint. |
| 2 | 35. | Admitted as to Ortiz, LLC.  Otherwise, denied. |
| 3 | 36. | Admitted as to Ortiz, LLC.  Otherwise, denied. |
| 4 | | |
| 5 | 37. | Defendants deny the allegations in Paragraph 37 of the Complaint. |
| 6 | 38. | Defendants deny the allegations in Paragraph 38 of the Complaint. |
| 7 | 39. | Defendants deny the allegations in Paragraph 39 of the Complaint. |
| 8 | | |
| 9 | 40. | Defendants deny the allegations in Paragraph 40 of the Complaint. |
| 10 | 41. | Defendants deny the allegations in Paragraph 41 of the Complaint. |
| 11 | 42. | Defendants deny the allegations in Paragraph 42 of the Complaint. |
| 12 | | |
| 13 | 43. | Defendants deny the allegations in Paragraph 43 of the Complaint. |
| 14 | 44. | Defendants deny the allegations in Paragraph 44 of the Complaint. |
| 15 | 45. | Defendants deny the allegations in Paragraph 45 of the Complaint. |
| 16 | | |
| 17 | 46. | Defendants deny the allegations in Paragraph 46 of the Complaint. |
| 18 | 47. | Defendants deny the allegations in Paragraph 47 of the Complaint. |
| 19 | 48. | Defendants deny the allegations in Paragraph 48 of the Complaint. |
| 20 | | |
| 21 | 49. | Admitted as to Ortiz, LLC.  Otherwise, denied. |
| 22 | 50. | Admitted as to Ortiz, LLC.  Otherwise, denied. |
| 23 | 51. | Admitted as to Ortiz, LLC.  Otherwise, denied. |
| 24 | 52. | Admitted as to Ortiz, LLC.  Otherwise, denied. |
| 25 | | |
| 26 | 53. | Defendants deny the allegations in Paragraph 53 of the Complaint. |
| 27 | 54. | Admitted as to Ortiz, LLC.  Otherwise, denied. |
| 28 | 55. | Defendants deny the allegations in Paragraph 55 of the Complaint. |

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

58. Defendants reassert and readopt their responses to Paragraph 1 through 57 above though fully set forth herein.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

Defendants deny that Plaintiff is entitled to the relief sought in the unnumbered WHEREFORE, paragraph following Paragraph 61 of the Complaint, as well as its subsections (A-F).

### COUNT TWO: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

62. Defendants reassert and readopt their responses to Paragraph 1 through 57 above though fully set forth herein.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

Defendants deny that Plaintiff is entitled to the relief sought in the unnumbered WHEREFORE, paragraph following Paragraph 65 of the Complaint, as well as its subsections (A-F).

## COUNT THREE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

Defendants deny that Plaintiff is entitled to the relief sought in the unnumbered WHEREFORE, paragraph following Paragraph 69 of the Complaint, as well as its subsections (A-F).

## DEMAND FOR JURY TRIAL

Defendants deny that Plaintiff will present any issue for a jury to try.

## GENERAL DENIAL

Any and all allegations not expressly admitted are denied.

## FIRST DEFENSE

Plaintiff's claims are barred because Plaintiff was paid all wages due.

## SECOND DEFENSE

Plaintiff cannot establish that any acts or omissions of Defendants were in willful violation of the FLSA.

## THIRD DEFENSE

Plaintiff cannot establish that any acts or omissions of Defendants were in willful violation of the AMWA.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the basis of unclean hands.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not work the hours claimed.

## SIXTH DEFENSE

Plaintiff cannot establish that the Individual Defendants are subject to liability under any of the causes of action Plaintiff has pled.

## SEVENTH DEFENSE

Because Plaintiff's Complaint is phrased in vague and conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

## DEFENDANTS' COUNTERCLAIMS AGAINST PLAINTIFF

Defendant/Counter-Plaintiff ORTIZ, LLC ("Counter-Plaintiff") files these counterclaims against Plaintiff/Counter-Defendant Flora Amanda Perez Arias, and alleges as follows.

## PARTIES AND JURISDICTION

1. This Court has supplemental jurisdiction as to these counterclaims pursuant to 28 U.S.C. §1367, as the counterclaims are so related to the claims in the action over which this Court has original jurisdiction that they form part of the same case or controversy.

2. At all times material hereto, Plaintiff/Counter-Defendant Flora Amanda Perez Arias ("Counter-Defendant"), is an individual residing in Maricopa County, Arizona.

3. Counter-Plaintiff at all times material hereto is an Arizona company, with its principal place of business at 819 E Broadway Road, Mesa, Arizona 85204.

4. All events giving rise to this claim occurred in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5. Counter-Plaintiff operates La Estrella Panaderia, a bakery located in Mesa, Arizona.

6. Counter-Defendant worked as a cashier for Counter-Plaintiff from approximately 2006 to December 2020.

7. In December 2020, Counter-Plaintiff learned information suggesting that Counter-Defendant had been stealing from Counter-Plaintiff. Counter-Plaintiff brought this information to Counter-Defendant's attention. Counter-Defendant denied the allegation.

8. Due to the seriousness of the information and potential violation, Counter-Plaintiff suspended Counter-Defendant for five (5) days while Counter-Plaintiff investigated the matter.

9. During the investigation, Counter-Plaintiff discovered that Counter-Defendant had stolen approximately $5,000.00 in revenue from Counter-Plaintiff per month over the course of thirteen (13) years by falsely recording paid transactions as customer giveaways, then keeping the money from these paid transactions for herself.

8

10. As a result of its investigation, Counter-Plaintiff terminated Counter-Defendant's employment.

### COUNT I: CONVERSION

11. Counter-Plaintiff incorporates and reallege paragraphs 1 through 10 herein.

12. Counter-Defendant exercised dominion over money belonging to Counter-Plaintiff and without justification converted it to her own use.

13. As a result of these acts of conversion, Counter-Plaintiff has been harmed.

WHEREFORE, Counter-Plaintiff respectfully requests that the Court enter final judgment against Counter-Defendant for compensatory and consequential damages, together with interest, costs and all other equitable and legal relief as the Court deems just and appropriate.

### COUNT II: BREACH OF IMPLIED COVENANT

14. Counter-Plaintiff incorporates and realleges paragraphs 1 through 13 herein.

15. At all times relevant to this matter, Counter-Defendant was an employee of Counter-Plaintiff.

16. As an employee, Counter-Defendant owed Counter-Plaintiff a fiduciary duty under Arizona law. As such, a special relationship existed between Counter-Defendant and Counter-Plaintiff.

17. Implied in the agreement between Counter-Defendant and Counter-Plaintiff

is a covenant that Counter-Defendant would not do anything to deprive Counter-Plaintiff of the benefits of the agreement between them and that Counter-Defendant would perform her obligations under the agreement in such a manner as to ensure that the purpose of the agreement was accomplished.

18. By virtue of the acts alleged herein, Counter-Defendant breached the implied covenant of good faith and fair dealing in the agreement and deprived Counter-Plaintiff of the benefits of their bargain.

19. As a result of Counter-Defendant's actions as alleged above, Counter-Plaintiff has suffered damages.

WHEREFORE, Counter-Plaintiff respectfully requests that the Court enter final judgment against Counter-Defendant for compensatory and consequential damages, together with interest, costs and all other equitable and legal relief as the Court deems just and appropriate.

### COUNT III: BREACH OF FIDUCIARY DUTY OF GOOD FAITH AND LOYALTY TO COUNTER-PLAINTIFF

20. Counter-Plaintiff incorporates and realleges paragraphs 1 through 19 herein.

21. As an employee, Counter-Defendant owed Counter-Plaintiff a fiduciary duty under Arizona law. As such, a special relationship existed between Counter-Defendant and Counter-Plaintiff.

22. On account of Counter-Defendant's responsibility to operate a cash register for Counter-Plaintiff, Counter-Defendant's duties of loyalty and candor to Counter-

Plaintiff include, among other things, the duties to (a) act in good faith and (b) follow Counter-Plaintiff's rules and procedures and (c) safeguard Counter-Plaintiff's money.

23. By virtue of the acts alleged herein, Counter-Defendant breached these duties and has harmed and will continue to harm Counter-Plaintiff.

24. As a result of Counter-Defendant's actions as alleged above, Counter-Plaintiff has suffered damages.

WHEREFORE, Counter-Plaintiff respectfully requests that the Court enter final judgment against Counter-Defendant for compensatory and consequential damages, together with interest, costs and all other equitable and legal relief as the Court deems just and appropriate.

### COUNT IV: UNJUST ENRICHMENT

25. Counter-Plaintiff incorporates and realleges paragraphs 1 through 24 herein.

26. Counter-Plaintiff has performed its obligations to the Counter-Defendant by paying her the appropriate minimum wage and overtime as required by both state and federal statutes.

27. Counter-Defendant deliberately and maliciously diverted revenue from Counter-Plaintiff to herself.

28. Counter-Defendant received benefits from the stolen revenue which she is not entitled to and has been unjustly enriched at the expense of Counter-Plaintiff.

WHEREFORE, Counter-Plaintiff respectfully requests that the Court enter final judgment against Counter-Defendant for compensatory and consequential damages,

together with interest, costs and all other equitable and legal relief as the Court deems just and appropriate.

### COUNT V: FRAUD

29. Counter-Plaintiff incorporates and realleges paragraphs 1 through 28 herein.

30. Counter-Defendant falsely recorded paid transactions as customer giveaways, then kept the money from these paid transactions for herself.

31. Counter-Defendant falsely represented to Counter-Plaintiff that these paid transactions were customer giveaways, intending that Counter-Plaintiff rely on this false representation and thereby be unaware that Counter-Defendant was in fact stealing Counter-Plaintiff's money.

32. Counter-Plaintiff in fact relied upon Counter-Defendant's false representations and as a result suffered approximately $80,000.00 in damages, equal to the amount of Counter-Plaintiff's money that Counter-Defendant stole through this fraudulent scheme.

WHEREFORE, Counter-Plaintiff respectfully requests that the Court enter final judgment against Counter-Defendant for compensatory and consequential damages, together with interest, costs and all other equitable and legal relief as the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Counter-Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Spire Law, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By: */s/Whitney M. DuPree*
    Whitney M. DuPree, Esq.
    Arizona Bar No. 035061
    whitney@spirelawfirm.com
    ashwin@spirelawfirm.com
    lauren@spirelawfirm.com

Attorney for Defendants/Counter-Plaintiffs | Hector Ortiz, Veronica Ortiz, and Ortiz, LLC d/b/a La Estrella Panaderia

Original electronically filed this 27th day of May, 2021, to:

Clifford P. Bendau, II, Esq.
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
*Attorneys for Plaintiff*